_____

No. 96-1006
_____

United States of America,      *
                               *
          Appellee,            *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  District of Minnesota.
Jose Maria Saenz,              *
                               *       [UNPUBLISHED]
          Appellant.           *

_____

Submitted:  June 10, 1996

   Filed:  September 9, 1996
_____

Before BOWMAN, LAY, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Jose Maria Saenz was convicted by a jury of one count of conspiring to distribute marijuana in violation of 21 U.S.C. § 846 (1994) and one count of aiding and abetting the possession of marijuana with an intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).  The District Court[1] sentenced Saenz to two concurrent terms of sixty months in prison and five years of supervised release.  The court also imposed a special assessment of $100.  Saenz appeals from his convictions, and we affirm.

The sole argument Saenz raises on appeal is that the government failed to introduce sufficient evidence to convict him.  "We will reverse a conviction for insufficient evidence . . . only if no construction of the evidence exists to support the jury's

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

verdict." United States v. Darden, 70 F.3d 1507, 1517 (8th Cir. 1995), cert. denied, 116 S. Ct. 1449, 2567 (1996). We view "the evidence in the light most favorable to the guilty verdict, giving the government the benefit of all reasonable inferences that might be drawn from the evidence." Id. (quoted cases omitted).

In the summer of 1994, Gerald Mixon arranged for substantial amounts of marijuana to be delivered to Chris Hamilton. Hamilton and his associates then transported the marijuana to Minnesota for Mixon. Hamilton was arrested in October 1994, and he agreed to cooperate with the government. At the time, Hamilton was arranging to buy a large amount of marijuana from Mixon. Based on information obtained from Hamilton, law enforcement officers learned that Nevlyn Prothro, an associate of Mixon, was planning to drive a motor home to Texas to obtain a half ton of marijuana. Documents later seized from Mixon and Saenz showed that in mid-October Mixon and Saenz were in McAllen, Texas, on the border between the United States and Mexico, and that Saenz had wired money to Mexico on October 12 and October 19. Apparently, the marijuana was not available, and Prothro and Mixon drove the motor home to Chicago. Prothro, who pled guilty to conspiring to distribute marijuana and possess marijuana with intent to distribute, cooperated with the government and testified that Saenz flew ahead to Chicago where he was to show a potential customer some cocaine. That customer's name was Nick Wrigley, and Saenz's calendar indicates that he had a meeting with "Nick" on October 25 in Chicago. When Mixon and Prothro arrived in Chicago, they met with Saenz and discussed the meeting with Wrigley. One of Mixon's associates apparently had delivered marijuana to Saenz rather than cocaine. Prothro testified that Saenz reported that he had shown Wrigley the marijuana, but Wrigley was not interested. While in Chicago, Saenz also drove with Prothro when he delivered a ten-pound sample of marijuana to a customer.

Law enforcement officers in Minnesota arranged an undercover marijuana buy in November 1994. In connection with the undercover operation, Saenz was confronted by officers in a hotel lobby while he was trying to check out of the hotel. He had told the clerk that he was checking out of room 218. A search of room 218 yielded a great deal of evidence, including a digital pager, Saenz's address book, Saenz's airline itinerary for his October 25 flight to Chicago, a receipt for a rental truck, and the key to a lock that secured the rear door on a rental truck that was in the parking lot of the hotel. Pursuant to a warrant, officers searched the rental truck and seized 242 pounds of marijuana. In the cab of the rental truck, officers found an unopened package of tape with Saenz's fingerprints on it.

The evidence set out above is just a taste of the evidence against Saenz that the government presented at his trial. We find there is substantial evidence from which a reasonable jury could conclude that Saenz conspired with Gerald Mixon and others to distribute marijuana. A reasonable jury also could find that he aided and abetted the possession of marijuana with the intent to distribute.

Despite the overwhelming evidence of Saenz's participation in the conspiracy, Saenz claims that he was merely "the driver and general `errand boy' for Mixon." Appellant's Brief at 16. Saenz also claims that while the government established Saenz's presence at the scene of the crime it failed to establish any knowledge or participation on his part. Id. at 20. The jury, however, did not accept these arguments and returned guilty verdicts against Saenz. There was substantial evidence, including direct testimony, that established Saenz's knowledge of the marijuana possession and distribution activities engaged in by his co-conspirators. The evidence also is sufficient to show that Saenz knew that his actions aided the illegal activities of his co-conspirators. Based on the evidence presented at trial, we cannot say that "no

construction of the evidence exists to support the jury's verdict," <u>Darden</u>, 70 F.3d at 1517. The convictions are therefore affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.